IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JUDITH CHASE; OLLEN ROGERS;
and JOSEPH NELSON,

    Plaintiffs,

vs.                                            1:06-CV-044-SPM/AK

CITY OF GAINESVILLE and
ALACHUA COUNTY SHERIFF'S
OFFICE,

    Defendants.

_____/

**ORDER ISSUING PRELIMINARY INJUNCTION**

**THIS CAUSE** comes before the Court upon the "Plaintiff Chase and Rogers' Motion for Preliminary Injunction Against Sheriff Stephen Oelrich in His Official Capacity" (doc. 42) filed June 21, 2006; the response in opposition (doc. 55) filed July 5, 2006; the "Plaintiffs' Amended Motion for a Preliminary Injunction Against City of Gainesville" (doc. 61) filed July 19, 2006; and the response in opposition (doc. 67) filed August 2, 2006.  Plaintiffs request a preliminary injunction to prevent Alachua County sheriffs and Gainesville Police Department officers from enforcing certain laws while the instant suit, challenging the constitutionality of those laws, is pending in this Court.  For the reasons set forth below, the Court finds the motion should be granted.

**BACKGROUND:**

Plaintiffs are homeless individuals who beg for money by standing on sidewalks near intersections or busy pedestrian areas, holding signs that attest to their needs ("Please Help the Homeless," for example).  On multiple occasions, Plaintiffs have been cited, and threatened with citations, for violating any of three laws: Florida Statutes section 316.2045; Florida Statutes section 337.406; and Article V, section 19 of the Code of Ordinances of the City of Gainesville ("Code"), all of which deal with soliciting funds on public streets.  Plaintiffs challenge the constitutionality of these laws, claiming that they are content-based, overbroad, vague, and constitute prior restraint on speech.

Plaintiffs and the City were able to stipulate that the City would not enforce sections 316.2045 and 337.406 during the pendency of this lawsuit; thus, Plaintiffs seek an injunction against the City only as to Article V, Section 19 of the City Code.  Plaintiff seeks an injunction against the Sheriff with respect to sections 316.2045 and 337.406.  Because the issues raised in both motions are similar, they are discussed collectively here.

**ANALYSIS:**

Plaintiffs have the burden to demonstrate that they are entitled to a preliminary injunction by showing (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction were not granted, (3) that the threatened injury outweighs any harm an injunction may cause the defendant, and (4) that granting the

injunction will not be adverse to the public interest.  Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).  Because Plaintiffs meet all these elements, a preliminary injunction is warranted.

First, Plaintiffs have demonstrated a substantial likelihood of success on the merits.  Florida Statutes sections 316.2045 and 337.406 have previously been declared unconstitutional by our sister districts in Florida.  See Bischoff v. State, 242 F. Supp. 2d 1226 (M.D. Fla. 2003)(section 316.2045) and News and Sun-Sentinel Co. v. Cox, 702 F. Supp. 891 (S.D. Fla. 1988)(section 337.406).[1]  This Court adopts the holdings and rationale in both Bischoff and Cox, finding no reason to depart from the thorough analyses undertaken in those cases.

Additionally, while there does not appear to be a Florida case explicitly holding the City Code provision unconstitutional, Section 19's permit requirement certainly implicates First Amendment guarantees. Charitable solicitation, whether undertaken by organizations or individuals, has unquestionably been recognized as deserving of First Amendment protections.  See, e.g., Riley v. Nat'l Fed'n of the Blind, 487 U.S. 781 (1988); Village of Schaumburg v. Citizens for a Better Environment, 444 U.S. 620 (1980).  The City Code, however, recognizes First Amendment rights only when exercised by 501(c)(3) organizations who qualify for a permit.  Because the Code's

---

[1] The Legislature later corrected one of the infirmities present in the statute by including the term "free distribution" among the prohibited activities.  See ch. 90-227, § 9, Laws of Fla. However, the statute is still "far from being carefully drawn," 702 F. Supp. at 901, for the other reasons enumerated in Cox.

permit application criteria completely eliminate the possibility of an individual ever being eligible to obtain a permit, persons such as Plaintiffs are completely foreclosed from exercising their First Amendment rights in this context. Plaintiffs have provided ample authority in their motions to demonstrate support for the notions that the statutes and code provision at issue may be, *inter alia*, overbroad, vague, or content-based restrictions lacking sufficient procedural safeguards.

Second, any loss to Plaintiffs of their First Amendment freedoms constitutes irreparable injury. "'It is well settled that the loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury justifying the grant of a preliminary injunction.'" Cate v. Oldham, 707 F.2d 1176, 1188 (11th Cir. 1983)(*citing* Deerfield Med. Ctr. v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. Unit B 1981)).[2] In fact, Cate noted that "[t]o the extent that an infringement of First Amendment rights is shown, some federal courts have held that irreparable injury justifying preliminary injunctive relief is presumed." Id. at 1188 n.10 (citations omitted).

Contrary to the City's assertion, it is not necessary for Plaintiffs to demonstrate that their livelihood has been substantially impaired by the enforcement of these laws. All that is necessary is a showing that a penalty for exercising one's rights exists. Id. at 1189 ("the *source* of [the] chill . . . provides the critical irreparable injury to those

---

[2] Decisions of the Fifth Circuit rendered before October 1, 1981 constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

citizens, regardless of whether actual chill is proved") (emphasis original). Here, the "source" of the chill is the direct punishment of citizens such as Plaintiffs, through fines and arrests, for engaging in charitable solicitation.

Balanced against the irreparable injury to Plaintiffs is the potential harm to Defendants. Any harm occasioned by temporarily prohibiting city and county officers from enforcing the laws at issue is certainly outweighed by the harm that would accrue to Plaintiffs from being arrested or fined. Concerns about citizen safety during the pendency of the injunction are adequately addressed by existing laws, such as those prohibiting aggressive panhandling (17-4 ) and obstruction of traffic (§ 316.130, FLA. STAT. ). In contrast, Plaintiffs have no way to address the harm they suffer by being cited, fined, or arrested.

Finally, an injunction would not be adverse to the public interest. Citizens' interests in remaining safe while walking or driving are served by the other statutes and codes available to law enforcement officers, and the public certainly has an interest in seeing that its constitutional rights are protected, because "all citizens have a stake in upholding the Constitution." Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005). Furthermore, "the public interest is always served in promoting First Amendment values . . . ." Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1276 (11th Cir. 2001).

A balanced consideration of the four prongs leads to a conclusion that a preliminary injunction is appropriate in this case. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The motions for preliminary injunction (docs. 42, 61) are hereby *granted*.

2. The City of Gainesville, through its officers and employees, is hereby enjoined from enforcing Article V, Chapter 19 of the Gainesville City Code during the pendency of this case.

3. The Alachua County Sheriff's Office, through its officers and employees, is hereby enjoined from enforcing Florida Statutes sections 316.2045 and 337.406 during the pendency of this case.

4. The motion for oral argument and evidentiary hearing(doc. 45) is hereby denied.

**DONE AND ORDERED** this <u>eleventh</u> day of September, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge