UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JUDITH CHASE, OLLEN ROGERS
and JOSEPH NELSON,

   Plaintiffs,

v.              Case No: 1:06 cv 44 SPM-AK

CITY OF GAINESVILLE and
SHERIFF STEPHEN OELRICH, in his
official capacity as Sheriff of Alachua
County,

   Defendants.

**ORDER ISSUING A PERMANENT INJUNCTION AGAINST DEFENDANT SHERIFF AND DECLARING FLORIDA STATUTE SECTIONS § 316.2045 AND § 337.406 FACIALLY UNCONSTITUTIONAL**

**THIS CAUSE** comes before the Court upon "Plaintiffs' Motion for Permanent Injunction Against Defendant Sheriff and to Declare the Challenged Statutes Facially Unconstitutional" (Dkt. #100) filed December 15, 2006.[1]

This 42 U.S.C. § 1983 action was filed against the Alachua County Sheriff's Office on March 14, 2006, by Plaintiffs Chase and Rogers, two homeless individuals who have been threatened, cited, and/or arrested by Alachua County deputy sheriffs for engaging in charitable solicitation without a permit on public sidewalks and streets. (Dkt. # 1.) On June

---

[1] Stephen Oelrich resigned as Sheriff of Alachua County, Florida, effective September 29, 2006, and Sadie Darnell was recently sworn in as Sheriff. By operation of Fed. R. Civ. P. 25(d)(1) she is automatically substituted for Oelrich as the defendant. This order will refer to the Defendant as "Defendant Sheriff."

15, 2006, Plaintiffs amended their complaint to name the Sheriff, in his official capacity, as the Defendant in place of the Alachua County Sheriff's Office. (Dkt. # 40.) Plaintiffs challenge the constitutional validity of § 316.2045 and § 337.406, Fla. Stat., both facially and as applied to them by Alachua County deputy sheriffs.

Plaintiffs moved for a preliminary injunction, *inter alia*, against Defendant Sheriff (Dkt. #42), seeking to preliminarily enjoin enforcement of the challenged laws. On September 11, 2006, this Court granted the motion for preliminary injunction against Defendant Sheriff, finding that the Plaintiffs had provided ample authority to demonstrate support for their claims that the challenged laws are facially unconstitutional. (Dkt. #72.)

On October 24, 2006, Plaintiffs filed a Motion for Partial Summary Judgment and Permanent Injunction (Dkt. #84) and Memorandum of Law in support thereof (Dkt. #85), requesting that the Court find the challenged laws facially unconstitutional and permanently enjoin enforcement of the laws by the Alachua County Sheriff, and his/her deputies, employees, and/or agents. The Defendant responded to Plaintiffs' Motion on November 2, 2006, stating that he had no position on the facial constitutionality of the statutes and did not object to the entry of a permanent injunction enjoining their enforcement. (Dkt. #88.) However, Defendant Sheriff argued that a finding of summary judgment against him was improper, because he did not have a policy, practice, or custom and was thus not subject to §1983 liability. (Dkt. #88.) Upon leave of Court, Plaintiffs filed a limited reply countering Defendant's § 1983 liability argument, asserting that enforcement of the facially unconstitutional statutes occurred as a result of an official policy, practice, or custom of the

Sheriff.[2] (Dkt. #97.) The Court has not ruled on Plaintiffs' motion.

On December 13, 2006, the parties held a court ordered mediation (Dkt. #70), and reached full and complete settlement of the case against Defendant Sheriff. As part of their settlement agreement, Plaintiffs filed an unopposed Motion for Permanent Injunction Against Defendant Sheriff and to Declare the Challenged Statutes Facially Unconstitutional (Dkt. # 100), asking the Court declare § 316.2045 and § 337.406 facially unconstitutional and to permanently enjoin their enforcement by Defendant Sheriff and his/her deputies, agents, and employees. Plaintiffs based these requests on the parties' settlement agreement and on the arguments made in their Motion for Preliminary Injunction (Dkt. #42) and Memorandum of Law in support thereof (Dkt. #43), the Court's Order Issuing Preliminary Injunction (Dkt. #72), and Plaintiffs' Motion for Partial Summary Judgment (Dkt. #84) and Memorandum of Law in support thereof (Dkt. #85).

As the Defendant does not oppose Plaintiffs' motion and for the same reasons stated in the Court's Order Issuing Preliminary Injunction (Dkt. #72), the Motion is granted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Motion (Dkt. #100) is hereby *granted.*

2. The Court finds Florida Statute section 316.2045, Fla. Stat. (2006) unconstitutional on its face, in violation of the First and Fourteenth Amendments of the United States Constitution.

---

[2] Plaintiffs also argued that they might not even need to establish policy, practice, or custom on the facial constitutional challenges.

3. The Court finds Florida Statute section 337.406, Fla. Stat. (2006) unconstitutional on its face, in violation of the First and Fourteenth Amendments of the United States Constitution.

4. Defendant Sheriff and his/her deputies, employees, and agents are hereby permanently enjoined from enforcing Florida Statute section 316.2045 (2006) or any subsequent enactment that contains precisely the same language as is currently in force.

5. Defendant Sheriff and his/her deputies, employees, and agents are hereby permanently enjoined from enforcing Florida Statute section 337.406 (2006) or any subsequent enactment that contains precisely the same language as is currently in force.

6. Upon notice of compliance with the terms of the settlement agreement, this case will be dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Gainesville, Florida on this 27th day of December, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge